NO. 23-4497

# In The
# United States Court Of Appeals
# For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**SPENC'R DENARD RICKERSON,**

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT STATESVILLE

_____

**REPLY BRIEF OF APPELLANT**

_____

**David Q. Burgess**
DAVID BURGESS LAW, PC
P. O. Box 18125
Charlotte, NC 28218
(704) 377-9800

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

                                                           **Page:**

TABLE OF AUTHORITIES .................................................................................. ii

ARGUMENT ........................................................................................................1

    I.     The District Court Abused Its Discretion In Responding To The Jury's Request For A Definition Of Reasonable Doubt ........................1

         A.     Standard of Review ................................................................1

         B.     Discussion ...............................................................................1

CONCLUSION .....................................................................................................6

CERTIFICATE OF COMPLIANCE ....................................................................7

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*James v. Jacobson*,
 6 F.3d 233 (4th Cir. 1993).................................................................................1

*United States v. Fields*,
 429 Fed. Appx. 343 (4th Cir. 2011).......................................................1, 2, 5

*United States v. Rieves*,
 15 F.3d 42 (4th Cir. 1994).................................................................1, 2, 5

*United States v. Robinson*,
 744 F.3d 293 (4th Cir. 2014).................................................................2, 3, 4

*United States v. Sterling*,
 860 F.3d 233 (4th Cir. 2017).................................................................1

*United States v. Walton*,
 207 F.3d 694 (4th Cir. 2000).................................................................1, 5

# ARGUMENT[1]

I. **The District Court Abused Its Discretion In Responding To The Jury's Request For A Definition Of Reasonable Doubt.**

   A. **Standard of Review**

   The standard of review is abuse of discretion. *Sterling*, 860 F.3d at 246.

   B. **Discussion**

   "A district court abuses its discretion when it fails or refuses to exercise its discretion . . . ." *United States v. Fields*, 429 Fed. Appx. 343, 345 (4th Cir. 2011) (*citing James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993)). A district court also abuses its discretion where it exercises it but does so based upon "erroneous . . . legal premises." *Id.* (*citing James*, 6 F.3d at 239).

   As the Court has held, a district court has the discretion to give a definition of reasonable doubt where the jury requests one. In *United States v. Walton*, 207 F.3d 694 (4th Cir. 2000), for example, the Court noted that, "While we discourage further definition of the reasonable doubt standard, we continue to leave the final decision of whether to acquiesce to a jury's request and define reasonable doubt to *the district court's discretion*." *Id* at 699 (emphasis added). Similarly, in *United States v. Rieves*, 15 F.3d 42 (4th Cir. 1994), the Court held that the "rule regarding defining doubt for the jury is well settled in this Circuit-a trial judge may define reasonable

---

[1] As to arguments in the Response Brief not responded to herein, Mr. Rickerson rests on the arguments set forth in the Opening Brief.

1

doubt only if the jury requests a definition; however, the trial judge is not required to provide a definition, even if the jury requests it." *Id.* at 46.

Here, the district court failed to exercise its discretion in deciding whether to give the jury the definition of reasonable doubt which it requested. The district court therefore abused its discretion. *See Fields*, 429 Fed. Appx. at 345. In its discussions with counsel regarding the jury's request, the district court stated as follows: "Now, the Fourth Circuit says that this Court *cannot give any definition of reasonable doubt* other than the one it's already given. And so what I would propose to do, rather than bring them out and tell them that, is just reply in a note that the Court is only permitted to give you the definition of reasonable doubt that's been provided in the instructions." JA805 (emphasis added).

Mr. Rickerson did not waive an objection to the district court's failure to exercise its discretion to give the reasonable doubt definition requested by the jury. The Response Brief relies on *United States v. Robinson*, 744 F.3d 293 (4th Cir. 2014) for its waiver argument. *Robinson* is distinguishable.

In *Robinson*, the defendant objected to the drug-quantity calculation set forth in the PSR. *Id.* at 296. The objection rested on the PSR's reliance on the statement provided by Melvin Battle. *Id.* In defending the drug-quantity calculation, the Government stated there were three witnesses who were prepared to state that Robinson sold them drugs during the timeframe of the conspiracy and that those

statements were not accounted for in the PSR. *Id.* at 297. Based on that, the Government maintained those accounts would put Robinson "in at least the position he's in with Mr. Battle's statement, if not in a worse position." *Id.*

After considering the parties' arguments, the district court presented Robinson with the following choice:

> We'll do it one of two ways. We're going to go forward today with what's here and now, and I'll make the decisions that I need to make by a preponderance of the evidence. Or I'll unwind the whole thing. I'll start the PSR process all over. If there are statements that didn't, for whatever reason, make it to the Probation Office, [I'll] start again. And, whatever happens, happens. And then, you'll have a chance to object . . . . That's the only way I see—those are the only two choices.

*Id.* (bracket and ellipses in original). "Robinson responded that 'I would rather go ahead and do it now, Your Honor.'" *Id.*

On appeal, Robinson contended the district court committed plain error by relying on Battle's statement in the PSR. *Id.* at 298. Reasoning as follows, the Court held that Robinson had waived the objection to Battle's statement in the PSR. The Court recognized that a "waiver is the intentional relinquishment or abandonment of a known right" and whether a "waiver was valid is a matter of law that we review de novo." *Id*. From there, the Court observed as follows:

> In this case, the record reveals that the defendant, Robinson, knew exactly what he was relinquishing. The district court explicitly and repeatedly explained that, by choosing to proceed with sentencing, Robinson was agreeing that his drug quantity would be calculated on the basis of the PSR, which relied on

3

> Battle's statement. On three separate occasions, the court presented Robinson with the choice of postponing sentencing to supplement the record or proceeding with sentencing based on the information in the PSR. Robinson consistently adhered to his preference to proceed with sentencing without supplementing the record.

*Id.* at 299. From there, the Court concluded as follows: "When presented with this choice, Robinson unequivocally stated that he 'would rather go ahead and do it now.' Furthermore, he adhered to this position when the district court gave him an opportunity to change his mind. Thus, Robinson consciously abandoned his objection to the drug quantity calculation in the PSR and instead opted to proceed to sentencing based on the information in the PSR. This was waiver." *Id.*

Here, Mr. Rickerson was not presented with a choice and did not unequivocally state he did not want the district court to comply with the jury's request for a definition of reasonable doubt. In response to Mr. Rickerson's question whether the district court would "be willing to say it's evidence that fully satisfies or entirely convinces you of the defendant's guilt," the district court reiterated its view that it lacked discretion to comply with the jury's request and stated, "So my hands are tied here, I believe, Mr. Davis." JA806. Consequently, this case is distinguishable from *Robinson* and, upon application of de novo review, the instant facts do not support a finding of an "intentional relinquishment or abandonment of a known right" by Mr. Rickerson and thus there was no waiver by Mr. Rickerson. *See Robinson*, 744 F.3d at 298.

The Response Brief's argument that the "challenge to the district court's reasonable-doubt instruction fails" is unavailing. (*Resp. Br.* p. 31.) The Response Brief asserts that the "district court faithfully adhered to this Court's admonition in declining to instruct the jury on the meaning of 'reasonable doubt' beyond stating that 'reasonable doubt' is 'a doubt based upon reason and common sense,' the meaning of which is 'no doubt self-evident.'" (*Resp. Br.* p. 31.) This argument fails because that is not what the district court did. Instead, the district court proceeded not on the basis of an "admonition" but instead on the basis of an absolute rule, a rule which does not exist. *See Walton*, 207 F.3d at 699 (emphasis added); *Rieves*, 15 F.3d at 46.

The district court therefore abused its discretion in responding to the jury's request for a definition of reasonable doubt. Because the district court believed it lacked the discretion to comply with the jury's request, the district court obviously failed to exercise that discretion. By failing to exercise its discretion, the district court abused its discretion. *See Fields*, 429 Fed. Appx. at 345. To the extent that the district court did exercise its discretion, it did so based on an erroneous legal premise. By exercising its discretion based on an erroneous legal premise, the district court abused its discretion. *Id.*

The Response Brief's argument that the district court's error was harmless is also unavailing. Mr. Rickerson requested the following instruction as to evidence

5

beyond a reasonable doubt: "it's evidence that fully satisfies or entirely convinces you of the defendant's guilt." JA806. If the district court had given the requested instruction, it is not clear beyond a reasonable doubt that the jury would not have acquitted Mr. Rickerson as to at least one of the counts. It seems undeniable that the jury was struggling with whether one or more of the counts had been proven beyond a reasonable doubt, otherwise they would not have asked the district court to help them by defining reasonable doubt. Notwithstanding statements that the meaning of reasonable doubt has a self-evident meaning to the lay juror, it seems difficult to deny that the record here appears to indicate otherwise in light of the jury's request for a definition.

## **CONCLUSION**

Because it's not clear beyond a reasonable doubt that absent the district court's abuse of discretion the jury would not have acquitted Mr. Rickerson on one or more of the three counts, this Court should vacate Mr. Rickerson's convictions.

This the 10th day of June, 2024.

                                        *s/ David Q. Burgess*
                                        David Q. Burgess
                                        DAVID BURGESS LAW, PC
                                        P. O. Box 18125
                                        Charlotte, NC  28218
                                        (704) 377-9800

                                        *Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

1.  This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains <u>1,481</u> words.

2.  This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14-point Times New Roman</u>.

This the 10th day of June, 2024

<u>*s/ David Q. Burgess*</u>
David Q. Burgess
DAVID BURGESS LAW, PC
P. O. Box 18125
Charlotte, NC 28218
(704) 377-9800

*Counsel for Appellant*
